FILED

DEC - 1 2005

EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT-NORTH DAKOTA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )   Criminal No. C2-05-122-01
          Plaintiff,           )
                               )   **PLEA AGREEMENT**
     -vs-                      )
                               )
Michael Thomas Yach,           )
                               )
          Defendant.           )

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for

the District of North Dakota, and Nicholas W. Chase, Assistant United States Attorney,

defendant, MICHAEL THOMAS YACH, and defendant's attorney, Robert Light, agree

to the following:

    1.    Defendant acknowledges the Information charges a violation of Title 8,

United States Code, Section 1325(a)(1) and Title 18, United States Code, Section 2.

    2.    Defendant has read the charge, and defendant's attorney has fully explained

the charge to defendant.

    3.    Defendant fully understands the nature and elements of the charged crime.

    4.    Defendant will voluntarily plead guilty to the Information.

    5.    The parties agree this Plea Agreement shall be filed as part of the Court

record, and be governed by Federal Rule of Criminal Procedure 11(c).  The parties

specifically agree that Rule 11(c)(1)(C) does not apply.  If the United States makes the

non-binding recommendations specified in this Plea Agreement, then defendant

acknowledges that this agreement will have been fulfilled.  Except as provided in

Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does

not give defendant a right to withdraw defendant's guilty plea.

     6.     Defendant will plead guilty because defendant is in fact guilty of the

charge.  In pleading guilty to this charge, defendant acknowledges that:

> On or about March 3, 2005, in the District of North Dakota,
>
> MICHAEL THOMAS YACH did knowingly and willfully aid, abet,
>
> induce, and procure the attempted entry into the United States from Canada
>
> of Jungae Kim, a/k/a Seo-Yeon, an alien and citizen of Korea, at a time and
>
> place other than as designated by Department of Homeland Security
>
> officers, knowing that an offense against the United States would be
>
> committed by the illegal entry of this alien;
>
> In violation of Title 18, United States Code, Section 2 and Title 8, United
>
> States Code, Section 1325(a)(1).

     7.     Defendant understands the charge carries the following maximum penalties:

| | |
|---|---|
| Imprisonment: | 6 months |
| Fine: | $5,000 |
| Special Assessment: | $10 |

     Defendant agrees to pay the Clerk of United States District Court the $10

special assessment on or before the day of sentencing.

8.    Defendant understands that by pleading guilty defendant surrenders rights, including:

(a)    The right to a speedy public jury trial and related rights as follows:

(i)    A jury would be composed of 12 lay persons selected at random.  Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict.  The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii)    If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii)    At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant.  Defendant's attorney can confront and cross-examine them.  In turn, the defense can present witness testimony and other evidence.  If  witnesses for

defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv)    At trial, defendant has a privilege against self-incrimination; thus, defendant could decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.    Defendant understands that by pleading guilty defendant gives up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained these rights, and consequences of defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual, (Nov. 2004) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant

4

to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.     Neither the Court nor the Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the guidelines range. The Court may impose a reasonable sentence anywhere within the statutory range.

13.     At sentencing, the United States will recommend a sentence that will not include jail time.

14.     Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be

used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement, or false declaration if defendant commits such acts in connection with this agreement or otherwise.

15.     Defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce defendant to plead guilty.

16.     Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a). Defendant hereby waives this and any right to appeal the Court's entry of judgment against defendant. Defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996). Therefore, defendant understands that any appeal or other post-conviction relief that defendant might seek should be summarily dismissed by the Court in which it is filed.

17.     The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District

6

Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the attorneys

acknowledge their obligation to use good-faith efforts to resolve any disputes regarding

the Presentence Investigation Report (PSIR) through a presentence conference or other

informal procedures.

18.   Defendant acknowledges reading and understanding all provisions of the

Plea Agreement. Defendant and defendant's attorney have discussed the case and

reviewed the Plea Agreement. They have discussed defendant's constitutional and other

rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of

the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

DREW H. WRIGLEY
United States Attorney

Dated: _____   By: _____

NICHOLAS W. CHASE
Assistant United States Attorney


Dated: _____   _____

MICHAEL THOMAS YACH
Defendant


Dated: _____   _____

ROBERT LIGHT
Attorney for Defendant

7